UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILLIAN E. MARCOTTE,

    Plaintiff,

v.

ALIMAR SECURITY, INC., and
ACRISURE BUSINESS OUTSOURCING
SERVICES, LLC, as joint employers,

    Defendants.
_____/

Case No. 10-10232

Hon. John Corbett O'Meara

# ORDER DENYING DEFENDANT'S MOTION
# TO DISMISS AND GRANTING PLAINTIFF'S
# MOTION TO AMEND COMPLAINT

Before the court is Defendant Alimar Security, Inc.'s motion to dismiss, which has been joined by Defendant Acrisure Business Outsourcing Services, LLC. Plaintiff has responded and filed a motion to amend her complaint. Pursuant to LR 7.1(e)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff Jillian E. Marcotte alleges that Defendants discriminated against her based upon her gender and pregnancy, retaliated against her, and violated the overtime provisions of the Fair Labor Standards Act. She filed her complaint on January 19, 2010. The court declined to exercise supplemental jurisdiction over Plaintiff's state claims and entered an order of partial dismissal on February 10, 2010. In lieu of an answer, Alimar Security filed an motion to dismiss on March 19, 2010, which was later joined by Acrisure.

On April 9, 2010, Plaintiff filed a response to the motion to dismiss, as well as a motion

for leave to file an amended complaint. Plaintiff contends that she is entitled to file the amended complaint as of right pursuant to Federal Rule of Civil Procedure 15, but states that the court's case manager indicated that she should file a motion for leave.

## LAW AND ANALYSIS

### I. Leave to Amend

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course 21 days after serving or 21 days after receiving a Rule 12(b) motion. See Fed. R. Civ. P. 15(a)(1). If a party is not entitled to amend as of right, the party may seek leave from the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff seeks leave of court to amend, although she was entitled to amend her complaint as of right by April 9, 2010. If Plaintiff sought leave as a result of advice given by the court, rather than filing her amended complaint, justice certainly requires that leave be given now.

Defendants argue, however, that leave should be denied because amendment would be futile. The court may deny leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182, (1962), See also Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

### II. Motion to Dismiss

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

Defendants contend that Plaintiff cannot set forth a plausible claim of employment discrimination in the amended complaint because Plaintiff cannot allege an adverse employment action. To the contrary, however, Plaintiff alleges in the amended complaint that Defendants changed the terms and conditions of her employment, including reducing her wages. See Proposed Amended Compl. at ¶ 34. Although Defendants suggest that the reduction in wages was as a result of the "economic meltdown of 2009," it is equally plausible, accepting the facts as alleged by Plaintiff as true, that this action was taken in retaliation for Plaintiff's filing of an EEOC charge. See Amended Compl. at ¶¶ 25-34. For example, Plaintiff alleges that her supervisor, Paul Martinelli, told her that she "wouldn't be here long" because she had stabbed him in the back by filing an EEOC claim. Id. at ¶ 28. Of course, the court does not assess the credibility of the parties's allegations at this stage, but accepts Plaintiff's well-pleaded factual allegations as true.

Accepting Plaintiff's well-pleaded facts as true, Plaintiff sets forth sufficient facts to state plausible claims for employment discrimination, retaliation, and FLSA violations in her Amended Complaint. Therefore, amendment is not futile and the court will grant Plaintiff leave to file her Amended Complaint.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint is GRANTED. Plaintiff shall file her Amended Complaint within ten days of the date of this order.

IT IS FURTHER ORDERED that Defendant Alimar Security's motion to dismiss is DENIED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: April 27, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 27, 2010, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager